JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
       E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
       E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
       E-mail: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
       E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:    (818) 888-7544

Attorneys for Plaintiff
KAKEDAN, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAKEDAN, INC., a Delaware Corporation, | Case No.: 2:15-cv-1116 |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| v. | **(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 32(a)]** |
| CLAY'S CLASSICS, a business entity of unknown status, RONALD HATFIELD, an Individual; and DOES 1-10, Inclusive, | **(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)];** |
| Defendants. | **(3) FEDERAL TRADEMARK DILUTION [15 U.S.C. § 1125(c)];** |
| | **(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200];** |
| | **(5) UNFAIR COMPETITION (California Common Law); and** |

**DEMAND FOR JURY TRIAL**

COMES NOW, KAKEDAN, INC. (hereinafter "Plaintiff"), to hereby file its Complaint against CLAY'S CLASSICS, a business entity of unknown status, RONALD HATFIELD, an Individual, and DOES 1-10, inclusive (collectively hereinafter referred to as "Defendants").

## PARTIES

1.      Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware corporation, duly authorized and licensed to conduct business in Los Angeles, California.

2.      Plaintiff alleges, on information and belief, that Defendant CLAY'S CLASSICS is now, and was at the time of the filing of this Complaint and at all intervening times, a business entity of unknown status located at 4937 Market Street, San Diego, California 92102.

3.      Plaintiff alleges, on information and belief, that Defendant RONALD HATFIELD, an individual, owns and operates Defendant CLAY'S CLASSICS.

4.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

5.      Plaintiff further alleges that Defendants and DOES 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth and shall henceforth be referred to collectively as "Defendants."

6.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants, and DOES 1-10, inclusive, and each of them, were

1  the agents, servants and employees of every other Defendant and the acts of each
2  Defendant, as alleged herein, were performed within the course and scope of that
3  agency, service or employment.

4  ## JURISDICTIONAL ALLEGATIONS

5  7.    This Court has jurisdiction over the subject matter pursuant to 15
6  U.S.C. §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

7  8.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because
8  on information and belief, a substantial part of the events or omissions giving rise
9  to the claim occurred in this judicial district, and has caused damages to Plaintiff
10 in this district.

11 9.    This Court has personal jurisdiction over Defendants since
12 Defendants have committed acts of trademark infringement and unfair
13 competition in this district and/or Defendants have sufficient minimum contacts
14 with this district to such that the exercise of jurisdiction over Defendants by this
15 Court does not offend traditional notions of fair play and substantial justice.
16 Among other things, Defendants have advertised, offered to sell and sold products
17 that infringe the trademarks of Plaintiff to consumers within this judicial district,
18 knowing or having reason to know that consumers throughout the United States,
19 including within this judicial district, would purchase said infringing and/or
20 counterfeit goods from Defendants, believing that they were authentic goods
21 manufactured and distributed by Plaintiff or its authorized manufacturers.

22 10.    Additionally, supplemental jurisdiction exists over Defendants
23 because on information and belief, Defendants conduct business in California and
24 in this judicial district, have purposefully directed action to California and this
25 district, or have otherwise availed themselves of the privileges and protections of
26 the laws of the State of California, such that this Court's assertion of jurisdiction
27 over Defendants does not offend traditional notions of fair play and due process.
28 / / /

## GENERAL ALLEGATIONS

### Plaintiff and its Intellectual Property

11.    Plaintiff is the owner, by assignment, of all trademarks related to the famous Kreiss®-line of high-end luxury home furnishings, household accessories, and design services.

12.    The Kreiss® name is synonymous with high-end goods known for its high-quality materials, handmade quality, artful design, and luxurious comfort.

13.    The Kreiss® name has been written about in magazines and newspapers such as *The New York Times*, *New York Magazine*, *The New Yorker*, *Veranda* magazine, *US Weekly*, *The Financial Times*, and *Bloomberg*, to name a few.  Specifically, Plaintiff's name recognition and Registered Trademarks' fame includes a 2007 *Time* magazine article in which Kreiss®-branded furniture was identified as the furniture of choice for famous tennis star Andre Agassi and his wife, tennis star Steffi Graf.  Also, in December 2009, *Architectural Digest* magazine published an article on famous former Los Angeles Laker Magic Johnson's home in Southern California.   Kreiss Design® and Kreiss Collection® were formally recognized as the design and furniture choice for Magic Johnson's home.

14.    It has also been featured on television on *Fox News*, Bravo's *Million Dollar Decorator*, and Bravo's *Queer Eye for the Straight Guy*, to name a few.

15.    Over the years, the Kreiss® name has attracted countless celebrity and famous followers, including Frank Sinatra, Muhammad Ali, Paul McCartney, Michael Jordan, Ronald Reagan, to name a few, to furnish their homes with Kreiss®-branded furniture.

16.    Plaintiff owns all rights in and to federal trademark registrations, including, but not limited to the following federal trademark registrations (collectively hereinafter referred to as "Registered Trademarks"):

/ / /

a.      Kreiss®, registered trademark number 2,085,598, registered on August 5, 1997, by Kreiss Enterprises, Inc., and assigned to Plaintiff on December 29, 2014, for use on or in connection with furniture (U.S. CLS. 2, 13, 22, 25 32, and 50);

b.      The Kreiss Collection®, registered trademark number 1,129,572, registered on January 22, 1980, by Kriss Enterprises, Inc., and assigned to Plaintiff on December 29, 2014, for use on or in connection with furniture (U.S. CLS. 20);

c.      Kreiss Design®, registered trademark number 2,122,830, registered on December 23, 1997, by Kreiss Enterprises, Inc., and assigned to Plaintiff on December 29, 2014, for use on or in connection with consultation and design services in the field of interior design (U.S. CLS. 42);

17.    Since Plaintiff registered its trademarks, Plaintiff has continuously promoted and used the marks throughout the United States in interstate commerce.

18.    Through Plaintiff's long and continuous use of the Registered Trademarks in connection with its high-end furnishings, and its substantial sales and advertising, consumers have come to recognize Plaintiff as the source of exclusive high-end indoor and outdoor furniture.    Plaintiff's Registered Trademarks have come to signify the valuable reputation and goodwill belonging exclusively to Plaintiff.

19.    To preserve its business reputation, consumer goodwill, and to protect the value of its trademarks, Plaintiff maintains strict quality standards for its products.  Plaintiff requires extensive quality control for its furniture and goods.

**Defendants' Wrongful and Infringing Conduct**

20.    Particularly in light of the success of Plaintiff and Plaintiff's products, as well as the reputation it has gained, Plaintiff and its products have become targets for unscrupulous individuals and entities that wish to take a free ride on the goodwill, reputation, and fame of Plaintiff's products and trademarks.

21.   A large number of these individuals and entities deal in pirated, counterfeit, and/or imitations of Kreiss®-branded products and/or confusingly similar marks in interstate commerce.   Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, selling, and distributing infringing and/or counterfeit products.   Their actions also include the use of a mark that will amount to infringement due to the confusing similarity it attaches to the Plaintiff Registered Trademarks and trade name.

22.   Plaintiff investigates and enforces against such activities, and through such efforts learned of Defendants, and Defendants' actions, advertising, and sales of infringing products.

23.   Beginning on a date that is currently unknown to Plaintiff and continuing to the present, Defendants have, without the consent of Plaintiff, offered for sale and sold, within the United States and within this district of California, goods that were neither made by Plaintiff nor by a manufacturer authorized by Plaintiff (hereinafter "Infringing Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of Plaintiff's Registered Trademarks.

24.   On information and belief, Plaintiff further alleges that Defendants imported said Infringing Goods into the United States, or encouraged others to import said Infringing Goods into the United States, for the purpose of reselling the Infringing Goods in the United States and within this district of California.

25.   Plaintiff is informed and believes that Defendant RONALD HATFIELD owns and operates Defendant CLAY'S CLASSICS, located at 4937 Market Street, San Diego, California 92102, selling products to the public, bearing Plaintiff's Registered Trademarks and/or marks that encompass confusing similarity to Plaintiff's trade name in interstate commerce.

26.   Plaintiff is also informed and believes that Defendants are selling products to the public, bearing Plaintiff's Registered Trademarks and/or marks

that encompass confusing similarity to Plaintiff's trade name through e-commerce websites (http://claysclassics.com, www.ebay.com, www.etsy.com, www.chairish.com, and www.craigslist.com) and other web-based platforms such as https://www.facebook.com, https://linkedin.com, and www.houzz.com, to name a few.

27.     Many commercial transactions accomplished by sellers, such as Defendants, including online transactions, are finalized through electronic payment services such PayPal and major credit cards.  PayPal is an electronic payment service operated by PayPal, Inc., a corporate affiliate of eBay, Inc.

28.     On October 25, 2013, Plaintiff's counsel at the time, sent a cease and desist letter via Federal Express overnight to Defendants, demanding cessation of all infringing use of Plaintiff's Registered Trademarks and identifying substantial infringing listings of Kreiss®-branded products for sale on Defendants' website http://claysclassics.com.

29.     Although Defendants were placed on notice on October 25, 2013, on or about November 14, 2014, Plaintiff's investigative efforts found Defendants listed on their website www.claysclassics.com a furniture product offered for sale bearing Plaintiff Registered Trademarks without Plaintiff's authorization or consent.

30.     Plaintiff is informed and believes that Defendants own and operate the interactive e-commerce storefront under the Seller ID "design4less619" on the Internet auction website www.ebay.com ("eBay").  Through this e-commerce storefront, among others, Defendants regularly and systematically advertised, marketed, distributed, and sold Infringing Goods bearing Plaintiff's Registered Trademarks and/or marks that encompass confusing similarity to Plaintiff's trade name.

/ / /

/ / /

31.     Specifically, on or about November 6, 2014, Plaintiff's investigative efforts found Defendants listed on their eBay storefront under the Seller ID "design4less619" a furniture product offered for sale bearing Plaintiff Registered Trademarks without Plaintiff's authorization or consent.

32.     On information and belief, Defendants' dealings in infringing and/or counterfeit products (including importing, advertising, displaying, distributing, selling and/or offering to sell infringing and/or counterfeit products) are violations of Plaintiff's exclusive rights in one or more Plaintiff Registered Trademarks to confuse consumers and aid in the promotion and sales of its infringing and/or counterfeit products.

33.     Defendants' conduct and use began long after Plaintiff's adoption and use of Plaintiff's Registered Trademarks, after the trademark registrations alleged above, and after Plaintiff's marks became famous.  Indeed, Defendants had knowledge of Plaintiff's ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with the intent to cause confusion and dilute Plaintiff's marks.

34.     Defendants do not currently have any contractual relationship with Plaintiff.

35.     Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and/or infringing goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

36.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which has and will continue to cause irreparable harm to Plaintiff: (i) infringed and diluted Plaintiff's rights in its Registered Trademarks; (ii) misled the public into believing there is an

association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (iii) used false designations of origin on or in connection with Defendants' goods and services; (iv) committed unfair competition; (v) and unfairly profited from such activities. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks Against Defendant CLAY'S CLASSICS, Defendant RONALD HATFIELD, and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

37.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-36.

38.    As its first ground for relief, Plaintiff alleges federal trademark infringement under § 32(a) of the *Lanham Act*, 15 U.S.C. § 1114.

39.    Plaintiff, as the owner of all right, title and interest in and to the Registered Trademarks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

40.    Defendants have used and are continuing to use the Registered Trademarks with full knowledge of Plaintiff's trademark rights. Defendants' infringement is therefore willful and deliberate.

41.    Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the marks to deal in and commercially distribute, market and sell goods bearing Plaintiff's Registered Trademarks and/or trade name into the stream of commerce.

42.    Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's Registered Trademarks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing items bearing the Registered Trademarks and/or trade

1    name.

2        43.    Defendants' egregious, unauthorized and intentional use and sale of

3    items bearing Plaintiff's Registered Trademarks, confusingly similar marks,

4    and/or trade name is likely to cause confusion, or to cause mistake, or to deceive,

5    mislead, betray, and defraud consumers who believe that Defendants' goods are

6    authentic products manufactured by Plaintiff.

7        44.    Defendants' acts have been committed with knowledge of Plaintiff's

8    exclusive rights and goodwill in the marks, as well as with bad faith and the intent

9    to cause confusion or to cause mistake and to deceive.

10       45.    Defendants' trademark infringement alleged herein has caused, and,

11   unless restrained and enjoined by this Court, will continue to cause substantial,

12   immediate, and irreparable injury to Plaintiff's business, reputation, and goodwill

13   for which it is without an adequate remedy at law.  Plaintiff is therefore entitled to

14   injunctive relief as set forth below.

15       46.    In addition, as a direct and proximate result of Defendants' trademark

16   infringement, Plaintiff has suffered and is continuing to suffer injury, loss, and

17   damages in an amount according to proof and is entitled to recover from

18   Defendants monetary damages, costs, and attorneys' fees as set forth below.

19       47.    Further, as a direct and proximate result of Defendants' trademark

20   infringement, Plaintiff is further entitled to recover from Defendants the ill gotten

21   gains and profits Defendants have obtained as set forth below.

22       48.    Defendants' continued and knowing use of Plaintiff's marks and/or

23   trade name without Plaintiff's consent or authorization constitutes intentional

24   infringement of Plaintiff's federally registered trademarks in violation of Section

25   32 of the *Lanham Act*, 15 *U.S.C.* § 1114.  Based on such conduct, Plaintiff is

26   entitled to injunctive relief as well as monetary damages, and other remedies

27   provided by §§ 1116, 1117, and 1118, including Defendants' profits, treble

28   damages, reasonable attorneys' fees, costs and prejudgment interest.

# SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition Against Defendant CLAY'S CLASSICS, Defendant RONALD HATFIELD, and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

49.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-48.

50.    As its second ground for relief, Plaintiff alleges false designation of origin and federal unfair competition under 15 U.S.C. § 1125(a) and § 43(a) of the *Lanham Act*.

51.    Plaintiff, as the owner of all common law right, title, and interest in and to its Registered Trademarks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* section 43(a) (15 U.S.C. § 1125).  Plaintiff's Registered Trademarks and/or trade name are inherently distinctive and/or have acquired distinctiveness.

52.    Defendants' unauthorized promotion and sale in interstate commerce of goods identified by Plaintiff's Registered Trademarks, confusingly similar marks, and/or trade name constitutes a false designation of origin and/or a false representation of fact in that it falsely leads members of the purchasing public to believe that such goods is authorized and approved for sale by Plaintiff.

53.    Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's Registered Trademarks and trade name.

/ / /

/ / /

54.   On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

55.   Defendants knew or by the exercise of reasonable care should have known that their adoption and commencement of use in commerce and continuing of Plaintiff's marks would cause confusion, mistake, or deception among purchasers, users and the public.

56.   Defendants' egregious and intentional use and sale of items bearing Plaintiff's trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are Plaintiff's Kreiss®-branded goods.

57.   Defendants' continuing and knowing use of Plaintiff's Registered Trademarks and/or trade name constitutes false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

58.   Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seeks an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

59.   Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the *Lanham Act*, including Defendants' profits, treble damages, reasonable

attorneys' fees, costs and prejudgment interest.

## THIRD CAUSE OF ACTION

**(Federal Trademark Dilution Against Defendant CLAY'S CLASSICS, Defendant RONALD HATFIELD, and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125(c)]**

60.   Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-59.

61.   As its third ground for relief, Plaintiff alleges trademark dilution under 15 U.S.C. § 1125(c).

62.   Plaintiff's Registered Trademarks and name are famous and distinctive and/or have acquired distinctiveness and were widely recognized by the consuming public in the United States in connection with high-end indoor and outdoor furniture.

63.   Upon information and belief, Defendants' unlawful actions began long after Plaintiff's marks and name became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's marks and name.   Defendants' conduct is willful, wanton and egregious.

64.   Defendants' intentional sale of counterfeit and/or infringing goods bearing Plaintiff's Registered Trademarks and/or name is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine.   The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's Registered Trademarks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and its marks.

65.   Defendants' acts have caused and will continue to cause Plaintiff irreparable harm.   Plaintiff has no adequate remedy at law to compensate it fully

for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

66.     As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

<u>FOURTH CAUSE OF ACTION</u>

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendant CLAY'S CLASSICS, Defendant RONALD HATFIELD, and DOES 1-10, Inclusive)**

**[California *Business & Professions Code* § 17200 *et seq.*]**

67.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-66.

68.     As its fourth ground for relief, Plaintiff alleges unfair business practices under the California *Business & Professions Code* § 17200 *et seq.*

69.     By marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit, infringing goods bearing Plaintiff's Registered Trademarks and/or trade name, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the California *Business and Professions Code* § 17200 *et seq.*

70.     Defendants' marketing, advertising, promoting, selling and/or otherwise counterfeit, infringing goods bearing Plaintiff's Registered Trademarks and/or trade name is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the purchasing public. Defendants' conduct was intended to cause such loss, damage and injury.

71.     Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in infringing and/or counterfeit goods would cause confusion mistake or deception among purchasers, users and the public.

72.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in infringing and/or counterfeit versions of Plaintiff's marks and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff's in its marks.

73.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.  Moreover, Defendants have and continue to unlawfully sell goods which infringes Plaintiff's Registered Trademarks and/or trade name, despite Defendants' knowledge that these acts are unlawful.

74.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

/ / /

75.    Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief.

76.    Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession which rightfully belong to Plaintiff.

**FIFTH CAUSE OF ACTION**

**(Unfair Competition Against Defendant CLAY'S CLASSICS, Defendant RONALD HATFIELD, and DOES 1-10, Inclusive)**

**[California Common Law]**

77.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-76.

78.    As its fifth ground for relief, Plaintiff alleges unfair competition under California Common Law.

79.    By marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit and/or infringing goods bearing Plaintiff's Registered Trademarks and/or trade name, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the common law of the State of California.

80.    Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit, infringing goods bearing Plaintiff's Registered Trademarks and/or trade name is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

81.    Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise

1   dealing in and their continuing marketing, advertising, promoting, selling and/or

2   otherwise dealing in infringing and/or counterfeit product would cause confusion,

3   mistake or deception among purchasers, users and the public.

4       82.   Upon information and belief, the conduct of Defendants were

5   knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to

6   deceive, and in disregard of Plaintiff's rights.

7       83.   Defendants' wrongful conduct, as alleged above, has permitted and

8   will permit them to make substantial sales and profits on the strength of Plaintiff's

9   nationwide marketing, advertising, sales and consumer recognition.  As a direct

10  and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff

11  has been and will be deprived of substantial sales of its products in an amount as

12  yet unknown but to be determined at trial, and has been and will be deprived of

13  the value of its trademarks as commercial assets, in an amount as yet unknown but

14  to be determined at trial.  Plaintiff seeks an order granting Defendants' profits

15  stemming from its infringing activity, and its actual and/or compensatory damages.

16      84.   Plaintiff has no adequate remedy at law for Defendants' continuing

17  violation of its rights set forth above.  Plaintiff seeks preliminary and permanent

18  injunctive relief.

19      85.   Plaintiff seeks exemplary or punitive damages for Defendants'

20  intentional misconduct.

21                    **PRAYER FOR RELIEF**

22      **WHEREFORE**, Plaintiff KAKEDAN, INC., prays for judgment against

23  Defendant CLAY'S CLASSICS, Defendant RONALD HATFIELD, and DOES 1-

24  10, Inclusive, and each of them, as follows:

25      A. For an award of Defendants' profits and Plaintiff's damages in an

26          amount to be proven at trial for trademark infringement under 15 U.S.C.

27          § 1114(a);

28      B. For an award of Defendants' profits and Plaintiff's damages in an

amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

C. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

D. In the alternative to actual damages and Defendants' profits for the infringement of Plaintiff's trademark pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

E. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under California *Business & Professions Code* § 17200;

F. For damages to be proven at trial for common law unfair competition;

G. Preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concern or participation with it, and each of them, from:

   a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit and/or infringing product Plaintiff identified in the Complaint and any other unauthorized Plaintiff product (including any non-genuine reproduction, infringing, counterfeit, copy or colorable imitation thereof).

   b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing,

development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any of Plaintiff's Registered Trademarks, trade name and/or trade dress at issue in this action.

c. The unauthorized use, in any manner whatsoever, of any Plaintiff trademark, trade name and/or trade dress including, but not limited to, Plaintiff's Registered Trademarks at issue in this action, any variants, colorable imitations, translations, and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

    i.  On or in conjunction with any product or service; and

    ii.  On or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

d. The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembles, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff.

e. Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendants themselves are connected with, or are in some way sponsored by or affiliated with Plaintiff,

purchases product from or otherwise have a business relationship with Plaintiff.

f. Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

g. Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Registered Trademarks; and/or

h. Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any of Plaintiff's Registered Trademarks or which otherwise refer or relate to Plaintiff.

H. Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, and for the seizure of Defendants' goods (all labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of Plaintiff's Registered Trademarks alone, or in combination with any other word, words, or design) in violation or involved in the violation of Plaintiff's Registered Trademarks;

I.  For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

J.  For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

K.  Pursuant to 15 U.S.C. § 1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up to Plaintiff for destruction all goods, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of Plaintiff's Registered Trademarks alone, or in combination with any other word, words, or design;

L.  For treble damages suffered by Plaintiff as a result of the willful and intentional infringements engaged in by Defendants, under 15 U.S.C. § 1117(b);

M. For damages in an amount to be proven at trial for unjust enrichment;

N.  For an award of exemplary or punitive damages in an amount to be determined by the Court;

O.  For Plaintiff's reasonable attorney's fees;

P.  For all costs of suit;

Q.  For such other and further relief as the Court may deem just and equitable.

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

KAKEDAN, INC., respectfully demands a trial by jury in this action.

DATED:  February 17, 2015                    JOHNSON & PHAM, LLP


By:  __/s/ Christopher Q. Pham____
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Hung Q. Pham, Esq.
Attorneys for Plaintiff
KAKEDAN, INC.

**COMPLAINT FOR DAMAGES**